**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW WONG, individually and on behalf of all others similarly situated; KA PO WONG, individually and on behalf of all others similarly situated; ANNE LOUIE, individually and on behalf of all other similarly situated; APRIL NG, individually and on behalf of all others similarly situated; and MILLIE SU, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br><br>TD BANK GROUP and TD BANK, N.A.,<br><br>   Defendants. | Civil Action No. 1:25-cv-09634-JPO |

---

**REPLY BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

---

MORGAN, LEWIS & BOCKIUS LLP
Gina F. McGuire (NY Bar No. 5103916)
101 Park Avenue
New York, NY 10178-0060

Sarah E. Bouchard (*pro hac vice*)
Klair Fitzpatrick (*pro hac vice*)
Sean Caulfield (*pro hac vice*)
2222 Market Street
Philadelphia, PA 19103-3007

*Attorneys for Defendants*
*TD Bank Group and TD Bank, N.A.*

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION...........................................................................................................1

II.   ARGUMENT.................................................................................................................2

    A.    **Plaintiffs Fail to State Disparate Treatment Claims.** ......................................2

    B.    **Plaintiffs Fail to State Disparate Impact or Pattern-or-Practice Claims.**...................................................................................................................5

        1.    **Plaintiffs Fail to State a Disparate Impact Claim.**...............................5

        2.    **Plaintiffs Fail to State a Pattern-or-Practice Claim.**............................6

    C.    **Class Treatment Is Implausible.**..........................................................................8

    D.    **Plaintiffs' Time-Barred Claims Must Be Dismissed.**.......................................10

    E.    **TD Bank Group Is Not a Suable Entity.**...........................................................11

III.  CONCLUSION ...........................................................................................................12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amara v. CIGNA Corp.*,
    775 F.3d 510 (2d Cir. 2014)..................................................................................................10

*Arista Recs. LLC v. Doe*,
    604 F.3d 110 (2d Cir. 2010)....................................................................................................4

*Barrett v. Forest Lab'ys, Inc.*,
    39 F. Supp. 3d 407, 432 (S.D.N.Y. 2014) ..............................................................................3

*Bey v. City of New York*,
    999 F.3d 157 (2d Cir. 2021)....................................................................................................6

*Burgis v. N.Y.C. Dep't of Sanitation*,
    No. 13-1011, 2014 WL 1303447 (S.D.N.Y. Mar. 31, 2014), *aff'd* 798 F.3d 63
    (2d Cir. 2015)....................................................................................................................6, 7

*Consol. Rail Corp. v. Town of Hyde Park*,
    47 F.3d 473 (2d Cir. 1995)......................................................................................................9

*Cooper v. Fed. Rsrv. Bank of Richmond*,
    467 U.S. 867 (1984)................................................................................................................7

*Cuoco v. Moritsugu*,
    222 F.3d 99 (2d Cir. 2000)....................................................................................................12

*Doheny v. Int'l Bus. Machs., Corp.*,
    714 F. Supp. 3d 342 (S.D.N.Y. 2024)....................................................................................6

*Elisa W. v. City of New York*,
    82 F.4th 115 (2d Cir. 2023) ....................................................................................................9

*Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*,
    852 F.3d 1018 (11th Cir. 2016) ..............................................................................................4

*Gilford v. N.Y.S. Off. of Mental Health*,
    No. 17-8033, 2020 WL 1529359 (S.D.N.Y. Mar. 31, 2020) (Oetken, J.) ...........................4, 5

*Griggs v. Duke Power Co.*,
    401 US 424 (1971)..................................................................................................................5

*Holowecki v. Fed. Express Corp.*,
    440 F.3d 558 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008) ....................................................11

*Krish v. Conn. Ear, Nose & Throat, Sinus & Allergy Specialists, P.C.*,
607 F. Supp. 2d 324 (D. Conn. 2009)................................................................8

*Magassouba v. Prince George's Cnty.*,
773 F. Supp. 3d 196 (D. Md. 2025)..................................................................2

*Menaker v. Hofstra Univ.*,
935 F.3d 20 (2d Cir. 2019)............................................................................2, 5

*Moore v. City of New York*,
No. 15-6600, 2017 WL 35450 (S.D.N.Y. Jan. 3, 2017), *R. & R. adopted*, No.
15-6600, 2017 WL 1064714 (S.D.N.Y. Mar. 20, 2017)....................................3, 4

*Par. v. Dupont Specialty Prods. USA, LLC*,
No. 24-01040, 2025 WL 3647994 (W.D.N.Y. Sep. 30, 2025), *R. & R.
adopted*, No. 24-1040, 2025 WL 3643873 (W.D.N.Y. Dec. 5, 2025)..................7

*Pentair Water Treatment Co. v. Cont'l Ins. Co.*,
No. 08-3604, 2009 WL 1119409 (S.D.N.Y. Apr. 26, 2009) ..............................11

*Ricci v. DeStefano*,
557 U.S. 557 (2009)........................................................................................6

*Richardson v. City of New York*,
No. 17-9447, 2018 WL 4682224 (S.D.N.Y. Sep. 28, 2018) (Oetken, J.)...............8

*Sass v. MTA Bus Co.*,
6 F. Supp. 3d 238 (E.D.N.Y. 2014) ...............................................................10

*Snider v. Wolfington Body Co.*,
No. 16-02843, 2016 WL 6071359 (E.D. Pa. Oct. 17, 2016) ..............................7

*Syeed v. Bloomberg L.P.*,
41 N.Y.3d 446 (N.Y. 2024) .............................................................................9

*Thompson v. Jam. Hosp. Med. Ctr.*,
No. 13-1896, 2016 WL 4556905 (S.D.N.Y. Aug. 30, 2016)..............................12

*Tucker v. Gonzales*,
No. 03-3106, 2005 WL 2385844 (S.D.N.Y. Sep. 27, 2005)................................7

*Veras v. N.Y.C. Dep't of Educ.*,
No. 22-00056, 2024 WL 3446498 (S.D.N.Y. July 17, 2024), *aff'd*, No. 24-
1956, 2025 WL 2824851 (2d Cir. Feb. 6, 2025), *cert. denied*, 146 S. Ct. 142
(2025).............................................................................................................5

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)......................................................................................10

*Yan v. Ziba Mode, Inc.*,
    No. 15-47, 2016 WL 1276456 (S.D.N.Y. Mar. 29, 2016)........................................................3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2

Fed. R. Civ. P. 23(a) ..............................................................................................................8

Fed. R. Civ. P. 23(b)(2).................................................................................................2, 8, 10

## I.    INTRODUCTION

Plaintiffs' Opposition confirms that this case should be dismissed in its entirety. It does not cure the fundamental defects identified in TD's opening brief, ignores several dispositive arguments, and relies on minimal and inapposite authority. Rather than engaging with the governing legal standards, Plaintiffs largely recycle the same conclusory allegations that rendered their Complaint deficient in the first place.

That silence is dispositive. Plaintiffs do not meaningfully address that investigations – particularly those required by federal anti-money laundering obligations – are not adverse employment actions as a matter of law. Nor do they come forward with any non-conclusory facts supporting discriminatory intent. They identify no comparators, no decisionmakers, and no facts suggesting that TD acted because of race or national origin, rather than because of Plaintiffs' own admitted violations of workplace policies governing financial transactions and employee conduct.

Plaintiffs' remaining theories fail for the same reason: a lack of facts. Their disparate impact claim fails because Plaintiffs did not identify any specific, facially neutral policy that produces a disparate outcome, and Plaintiffs do not address, and therefore concede, that the broad, legally-required compliance frameworks they attack, such as TD's Code of Conduct and AML program, are justified by business necessity. Their pattern-or-practice claim fares no better: it pleads no facts plausibly suggesting that discrimination was TD's "standard operating procedure," relying instead on speculative and geographically limited allegations that are contradicted by the individualized, branch- and transaction-specific investigations described in the Complaint.

The Opposition likewise underscores that class treatment is implausible. Plaintiffs do not meaningfully address TD's showing that their own allegations require individualized inquiries into each employee's conduct, the investigations, and the reasons for discipline – which defeats commonality and typicality – and that they have failed to plead numerosity. Nor do they overcome

settled authority foreclosing certification under Rule 23(b)(2) where, as here, they are former employees seeking individualized relief.

In the end, Plaintiffs' theory asks the Court to convert individualized investigations into admitted misconduct into a sweeping claim of systemic discrimination – without the factual allegations required to make that leap plausible. Plaintiffs' decision not to amend their Complaint speaks for itself. If additional facts existed to cure these deficiencies, they could have been pleaded. They were not. Amendment would therefore be futile, and dismissal with prejudice is warranted under Rule 12(b)(6).

## II.    ARGUMENT

### A.    Plaintiffs Fail to State Disparate Treatment Claims.

In its Motion, TD argued that Plaintiffs' disparate treatment claims fail because (1) investigations do not constitute adverse employment actions; (2) the Complaint pleads no facts supporting that TD terminated their employment because of race or national origin; and (3) Plaintiffs' characterization of their transactions as reflective of Chinese cultural practices does not implicate Title VII or New York law. Mot. at 9-12.

Plaintiffs do not meaningfully dispute that investigations are not adverse employment actions. Although they cite *Menaker v. Hofstra University*, 935 F.3d 20 (2d Cir. 2019), *Menaker* did not hold that investigations are adverse actions; rather, it involved a termination claim supported by detailed allegations of bias, including irregularities in the investigative process – such as failure to interview key witnesses, reliance on known false accusations, disregard of exculpatory evidence, and departures from procedures, as well as gender bias by the woman making the allegedly false allegations. *Id.* at 34-40. Plaintiffs allege no comparable facts suggesting bias and, instead, largely admit the underlying policy violations. Regardless, the investigations that uncovered these violations are not adverse actions. *See Magassouba v. Prince George's Cnty*, 773

2

F. Supp. 3d 196, 219 (D. Md. 2025) ("The investigation itself is not an adverse action because investigations have no adverse effect on plaintiff's employment."); Mot. at 10.

Nor do Plaintiffs offer any non-conclusory allegations of discriminatory intent to support their allegations. Plaintiffs have failed to provide any similarly situated non-Chinese comparators who were treated differently or other facts suggesting that their race or national origin, rather than their admitted policy violations, motivated their terminations. Plausibility requires factual allegations, not conclusory assertions that others were treated differently. *See* Mot. at 10-11. Plaintiffs rely on "information and belief" allegations to fill this gap, arguing this is sufficient if supported by facts creating a plausible inference of truth. Opp'n at 4. But there are no such facts here, and Plaintiffs' own authority underscores that absence. As Plaintiffs acknowledge, in *Barrett v. Forest Laboratories, Inc.*, plaintiffs identified "at least one comparator" who was treated better. Opp'n at 4; 39 F. Supp. 3d 407, 432 (S.D.N.Y. 2014) (finding "upon information and belief" pleading was "not fatal" because all ten plaintiffs "identifie[d] at least one male comparator"). Here, Plaintiffs identify none and instead only speculate that others may have been treated differently. *See, e.g.*, *Yan v. Ziba Mode, Inc.*, No. 15-47, 2016 WL 1276456, at *5 (S.D.N.Y. Mar. 29, 2016) (dismissing complaint where plaintiff alleged "on information and belief that . . . white employees were not similarly" impacted without facts regarding how their identities, experience levels, and conduct compared to plaintiff's).

Plaintiffs try to excuse their lack of sufficient factual allegations by asserting that certain information regarding TD's anti-money laundering compliance efforts is "particularly within the possession, knowledge and control of Defendants." Opp'n at 4. They include a partial quote from *Moore* stating that "pleading on information and belief in employment discrimination suits can suffice to meet the relevant plausibility standard when the relevant facts are particularly within the

3

possession, knowledge, and control of the defendant," but omit the key limitation in the very next sentence: "However, allegations 'upon information and belief' fail to state a claim when a plaintiff does not support them with a statement of facts that create a plausible inference of their truth." *Moore v. City of New York*, No. 15-6600, 2017 WL 35450, at \*23 (S.D.N.Y. Jan. 3, 2017), *R. & R. adopted*, No. 15-6600, 2017 WL 1064714 (S.D.N.Y. Mar. 20, 2017); *see* Opp'n at 4. Indeed, even if some facts are within the defendant's knowledge, controlling Second Circuit precedent requires at least a minimal factual foundation for plausibly inferring discriminatory intent – mere speculation is insufficient. *Arista Recs. LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010). Plaintiffs offer no such facts here and actually plead that entire branches were investigated and that TD terminated the employment of select employees, without specifying their race or national origin. Compl. ¶¶ 12, 37, 59 (alleging TD investigated "NYC Chinatown Branches" and terminated employment of seven members of Andrew Wong's team of ten to eleven employees). It is well-settled that comparator allegations based entirely on information and belief are insufficient to state a discrimination claim. *Gilford v. N.Y.S. Off. of Mental Health*, No. 17-8033, 2020 WL 1529359, at \*1 n.1 (S.D.N.Y. Mar. 31, 2020) (Oetken, J.) (dismissing Title VII claim where "[plaintiff] includes more specific allegations about white employees being hired or promoted into unposted positions, but each of these allegations is made 'upon information and belief'").

Plaintiffs do not allege that they were wrongly accused of violating TD's policies. Rather, they ask to be excused from their policy violations because their misconduct is allegedly reflective of Chinese cultural practices. Compl. ¶¶ 11, 49, 135. However, "Title VII protects persons in covered categories with respect to their immutable characteristics, but not their cultural practices." *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 (11th Cir.

4

2016). Missing from Plaintiffs' Opposition is any legal authority supporting a violation of Title VII or New York law. Mot. at 11-12.

Ultimately, Plaintiffs ask the Court to infer discrimination from the mere fact that they are Chinese or Chinese American and were investigated and terminated for policy violations. But that is not enough, and dismissal is required. *See, e.g.*, *Veras v. N.Y.C. Dep't of Educ.*, No. 22-00056, 2024 WL 3446498, at *2 (S.D.N.Y. July 17, 2024), *aff'd*, No. 24-1956, 2025 WL 2824851 (2d Cir. Feb. 6, 2025), *cert. denied*, 146 S. Ct. 142 (2025) (dismissing Title VII, NYSHRL, and NYCHRL claims where plaintiff failed to "plead facts sufficient to support an inference of discriminatory intent"); *Gilford*, 2020 WL 1529359, at *1 n.1.

### B.    Plaintiffs Fail to State Disparate Impact or Pattern-or-Practice Claims.

Plaintiffs' Opposition argues their disparate impact and pattern-or-practice claims together, but does not articulate the governing standards for either claim, much less satisfy them. Opp'n at 6-9. Instead, Plaintiffs merely recite allegations from the Complaint and cite two inapposite cases.[1] Not only does Plaintiffs' Opposition fail to address TD's arguments, but it fails to identify a specific, facially neutral employment practice or facts to infer a companywide pattern or practice of discrimination.

### 1.    Plaintiffs Fail to State a Disparate Impact Claim.

TD demonstrated that Plaintiffs' disparate impact claim fails for two independent reasons: Plaintiffs do not identify any specific, facially neutral policy that allegedly causes a disparate impact, and the broad frameworks they do challenge (TD's Code of Conduct and Ethics and AML

---

[1] Plaintiffs cite two cases in their section addressing their disparate impact and pattern-or-practice claims. *Menaker* does not involve disparate impact or pattern-or-practice claims, and *Griggs v. Duke Power Co.*, 401 US 424, 431 (1971) is cited to merely recognize the existence of disparate impact liability. Neither case supports Plaintiffs' claims.

program) are justified by business necessity. Mot. at 13–14. Plaintiffs do not meaningfully respond to either point. Instead, the Opposition asserts that TD enforced its policies in a discriminatory manner by "investigating [Chinese] employees with substantially more rigor than other employees." Opp'n at 8. That argument cannot sustain a disparate impact claim, which applies to neutral practices that fall more harshly on one group, not allegations of intentional treatment. Mot. at 15-16; *see, e.g.*, *Doheny v. Int'l Bus. Machs., Corp.*, 714 F. Supp. 3d 342, 365 (S.D.N.Y. 2024) (dismissing claim premised on "target[ing]" older workers because the "purported practice [] sounds in intentional discrimination and, thus, in disparate treatment"); *Burgis v. N.Y.C. Dep't of Sanitation*, No. 13-1011, 2014 WL 1303447, at *7 (S.D.N.Y. Mar. 31, 2014), *aff'd* 798 F.3d 63 (2d Cir. 2015) ("Courts have repeatedly held that disparate impact claims are not reasonably related to disparate treatment claims[.]"). Separately, Plaintiffs' failure to address TD's business necessity argument is dispositive: compliance policies mandated by law constitute a complete defense to disparate impact liability, and Plaintiffs' silence on this point concedes it. *See Ricci v. DeStefano*, 557 U.S. 557, 578 (2009) (recognizing business necessity as complete defense to disparate impact claims); *Bey v. City of New York*, 999 F.3d 157, 170–71 (2d Cir. 2021) (compliance with federal law constitutes business necessity and defeats disparate impact liability); Mot. at 14-15.

### 2. Plaintiffs Fail to State a Pattern-or-Practice Claim.

Plaintiffs also do not refute TD's arguments regarding their failure to plead a viable pattern-or-practice claim. TD argued that (1) Plaintiffs plead no facts supporting an inference that discrimination was TD's "standard operating procedure"; (2) Plaintiffs' allegations are limited to a few employees at a handful of branches and do not plausibly support a company-wide pattern-or-practice claim; and (3) the Complaint itself demonstrates individualized, transaction-specific

6

investigations and employment decisions that are fundamentally inconsistent with a pattern-or-practice theory. Mot. at 16-19.

Plaintiffs do not address the governing standard, which requires a plausible inference that discrimination was TD's "standard operating procedure," rather than isolated or sporadic acts. *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 875–76 (1984); *Par. v. Dupont Specialty Prods. USA, LLC*, No. 24-01040, 2025 WL 3647994, at *9 (W.D.N.Y. Sep. 30, 2025), *R. & R. adopted*, No. 24-1040, 2025 WL 3643873 (W.D.N.Y. Dec. 5, 2025) (same). Instead, Plaintiffs assert that TD's investigations of Chinese and Chinese American employees were conducted "with substantially more rigor than other employees." Opp'n at 8. However, this is another conclusory statement where Plaintiffs once again speculate that non-Chinese employees were treated better without any underlying factual support. "[B]ald assertions that minority employees received different treatment" are insufficient to establish discriminatory intent, let alone a companywide pattern or practice. *Burgis*, 2014 WL 1303447, at *6. At most, Plaintiffs' allegations concern a handful of branches in a single geographic area – far short of a plausible companywide pattern-or-practice claim for a bank with over one thousand branches. *See, e.g., Snider v. Wolfington Body Co.*, No. 16-02843, 2016 WL 6071359, at *5 (E.D. Pa. Oct. 17, 2016) (dismissing pattern-or-practice claim because plaintiff did not plead "any facts to support these conclusory allegations or to suggest that Defendants had a formal policy or a pattern or practice of discrimination"); *Tucker v. Gonzales*, No. 03-3106, 2005 WL 2385844, at *5 n.3 (S.D.N.Y. Sep. 27, 2005) (dismissing pattern-or-practice claim because plaintiffs "allege[d] no facts whatsoever that would support a claim of a widespread pattern or practice of discrimination").

Even still, Plaintiffs fail to respond to TD's argument that their individualized allegations foreclose a pattern-or-practice claim. The Complaint's allegations reflect distinct, transaction-

7

specific investigations. Plaintiffs allege that not all investigated employees were terminated and not all terminated employees were Chinese. Mot. at 18-19. Plaintiffs further admit that there was no company-wide pattern or practice because "upon information and belief, [TD] *did not* take these drastic steps at any other branches [outside of NYC Chinatown]." Compl. ¶ 12 (emphasis added). These allegations are fundamentally inconsistent with a pattern-or-practice theory. *See, e.g., Richardson v. City of New York*, No. 17-9447, 2018 WL 4682224, at *7-8 (S.D.N.Y. Sep. 28, 2018) (Oetken, J.) (dismissing compensation-based pattern-or-practice claim where limited statistical comparisons and anecdotal allegations supported only isolated incidents of discrimination); *Krish v. Conn. Ear, Nose & Throat, Sinus & Allergy Specialists, P.C.*, 607 F. Supp. 2d 324, 332 (D. Conn. 2009) (dismissing pattern-or-practice claim where "allegations of systematic firing, even supported by allegations of three confirmatory instances, without more, does not render plausible plaintiffs' allegations of a pattern or practice claim" (citation omitted)).

## C.    Class Treatment Is Implausible.

Because Plaintiffs fail to plead viable claims, the Court need not reach their class allegations. Even if it did, Plaintiffs' Opposition does not rebut TD's showing that class treatment is implausible on the face of the Complaint.

TD argued that Plaintiffs' class claims are implausible and should be dismissed because (1) the claims cannot satisfy Rule 23(a)'s commonality and typicality requirements; (2) Plaintiffs do not plausibly allege numerosity, relying instead on conclusory and geographically limited allegations; and (3) Rule 23(b)(2) certification is unavailable because Plaintiffs lack standing to seek injunctive relief as former employees and, in any event, seek individualized monetary relief. Mot. at 19-26.

Plaintiffs do not address TD's primary Rule 23(a) argument: the Complaint pleads transaction-specific investigations and employee-specific termination decisions, which defeat any

8

plausible showing of commonality or typicality. Plaintiffs identify no "glue" capable of generating a common answer as to why any particular employee was investigated or terminated. *Id*. at 21-23. In their Opposition, Plaintiffs merely recite the allegations from the Complaint without citing legal authority. Plaintiffs further do not address the overbreadth of their own proposed class. The proposed companywide class sweeps across different states, positions, transactions, investigators, and alleged misconduct. *Id*. at 22. Plaintiffs also ignore that the implicated Code of Conduct violations and alleged conduct at issue vary materially by Plaintiff, including one Plaintiff who admittedly lied to investigators. *Id*. at 14, 23-24. Plaintiffs' allegations demonstrate that liability turns on individualized determinations, not common proof, rendering class treatment implausible. *Elisa W. v. City of New York*, 82 F.4th 115, 128 (2d Cir. 2023) ("Typicality requires that the claims of the class representatives be typical of those of the class, and is satisfied when each member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").[2]

Plaintiffs also fail to materially address Defendants' numerosity argument, which independently warrants dismissal of their class claims. "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Plaintiffs rely on a conclusory allegation that "[u]pon information and belief, at least over 40 TD Bank, N.A. employees" would be class members. Opp'n at 6. This is insufficient. Plaintiffs' additional assertions regarding the number of Asian or Chinese-speaking employees are irrelevant, as they do not allege how many employees are Chinese or how many were investigated or discharged. The

---

[2] Plaintiffs further fail to address that the Complaint does not allege facts implicating actions outside of New York or that might support a nationwide class. Mot. at 22-23; *Syeed v. Bloomberg L.P.*, 41 N.Y.3d 446, 451 (N.Y. 2024) ("[N]onresidents of the city and state must plead and prove that the alleged discriminatory conduct had an impact within those respective boundaries.").

Complaint instead alleges that TD terminated the employment of twenty-two employees at Chinatown branches (one of whom was not Chinese or Chinese American) and that similar investigations *did not* occur elsewhere. Compl. ¶¶ 12, 30-31. The Complaint's limited, location-specific allegations and admission that any alleged conduct occurred in Chinatown only demonstrates that numerosity is implausible.

Further, Plaintiffs fail to overcome binding authority foreclosing certification under Rule 23(b)(2). Plaintiffs rely on non-binding district court cases suggesting that former employees seeking reinstatement may have standing to seek injunctive or declaratory relief. Opp'n at 11-12. Plaintiffs do not explain how reinstatement – an inherently individualized remedy – could be ordered on a class-wide basis, particularly where their proposed class consists of former employees terminated for different conduct at different times from different positions. *See, e.g., Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 253 (E.D.N.Y. 2014) (identifying instances where reinstatement should be denied, such as "[a] plaintiff's violation of company policy"). Regardless, Plaintiffs fail to address TD's argument that they seek individualized monetary relief, which independently forecloses Rule 23(b)(2) certification. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011) (Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."); *Amara v. CIGNA Corp.*, 775 F.3d 510, 519 (2d Cir. 2014) (citing *Dukes*, 564 U.S. at 362)).

Their class claims should be dismissed.

### D.    Plaintiffs' Time-Barred Claims Must Be Dismissed.

Even if any claim survives, certain Plaintiffs' claims are untimely: (1) Plaintiffs Ka Po Wong, Anne Louie, and Millie Su's Title VII claims are untimely because they filed their EEOC Charges more than 300 days after their terminations; and (2) Su's NYSHRL and NYCHRL claims

are untimely because the Complaint was filed more than three years after her termination. Mot. at 12.

Plaintiffs' tolling argument also fails. They contend that the limitations periods were tolled by Andrew Wong's timely filed EEOC Charge, but that doctrine only applies to non-filing plaintiffs. Under the piggybacking rule, only a ***non-filing plaintiff*** may rely on a timely EEOC Charge filed by another employee. *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 564 (2d Cir. 2006), *aff'd*, 552 U.S. 389 (2008). However, "[a]n individual who has previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge." *Id.* Plaintiffs Ka Po Wong, Louie, and Su filed untimely Charges and cannot revive their claims by piggybacking onto Andrew Wong's Charge.

Su's NYSHRL and NYCHRL claims fail for the independent reason that those claims are subject to three-year statutes of limitations, which expired before this action was filed. Mot. at 12.

Accordingly, the federal claims of Plaintiffs Ka Po Wong and Louie and all claims asserted by Su are time-barred and must be dismissed.

### E.    TD Bank Group Is Not a Suable Entity.

Plaintiffs' argument that dismissal of TD Bank Group is "premature" is wrong. Plaintiffs do not dispute the dispositive fact: "TD Bank Group" is not a legal entity. It is a collective term used to refer to The Toronto-Dominion Bank and its subsidiaries. Plaintiffs' reliance on *Pentair Water Treatment Co. v. Continental Insurance Co.*, No. 08-3604, 2009 WL 1119409 (S.D.N.Y. Apr. 26, 2009) is misplaced. In *Pentair*, the Court granted plaintiffs' motion to strike defendants' exhibits and declaration regarding whether a defendant was a "suable entity," so the evidence was "excluded from the Court's consideration." *Id.* at *6. Here, TD cited a public SEC filing that is subject to judicial notice and has not been excluded from consideration. Mot. at 27. Contrary to Plaintiffs' assertions, this issue does not require discovery – it is a straightforward question of legal

11

capacity. Courts routinely dismiss claims against non-entities or trade names. *See, e.g., Thompson v. Jam. Hosp. Med. Ctr.*, No. 13-1896, 2016 WL 4556905, at *5 (S.D.N.Y. Aug. 30, 2016) (recognizing that several defendants, who were not plaintiff's employer and not entities capable of being sued, were not proper parties and should be dismissed).

Accordingly, even if any claims survive, TD Bank Group should be dismissed as a defendant.

## III.    CONCLUSION

For the foregoing reasons and those stated in its opening brief, TD respectfully requests that the Court dismiss the Complaint in its entirety with prejudice. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile.").

DATED: April 21, 2026                    Respectfully Submitted,

                                       MORGAN, LEWIS & BOCKIUS LLP

By:    */s/ Sarah E. Bouchard*
       Gina F. McGuire (NY Bar No. 5103916)
       101 Park Avenue
       New York, NY 10178-0060
       Tel: 212.309.6000
       Fax: 212.309.6001
       gina.mcguire@morganlewis.com

       Sarah E. Bouchard (*pro hac vice*)
       Klair Fitzpatrick (*pro hac vice*)
       Sean Caulfield (*pro hac vice*)
       2222 Market Street
       Philadelphia, PA 19103
       Tel: 215.963.5000
       Fax: 215.963.5001
       sarah.bouchard@morganlewis.com
       klair.fitzpatrick@morganlewis.com
       sean.caulfield@morganlewis.com

       *Attorneys for Defendants*

13

## <u>CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)</u>

I, Sarah E. Bouchard, hereby certify that the word count of this memorandum of law complies with the word limits of Local Civil Rule 7.1(c). According to the word-processing system used to prepare this memorandum of law, the total word count for all printed text exclusive of the material omitted under Local Rule 7.1(c) is 3,474.

DATED: April 21, 2026

*/s/ Sarah E. Bouchard*
Sarah E. Bouchard

## CERTIFICATE OF SERVICE

I, Sarah E. Bouchard, hereby certify that on April 21, 2026, the foregoing Reply Brief in Support of Defendants' Motion Dismiss the Complaint was filed and served via the Court's ECF system on all counsel of record.


*/s/ Sarah E. Bouchard*
Sarah E. Bouchard

15